UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS B. NEWMAN,

        Petitioner,

        -against-

THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK,

        Respondent.
------------------------------------------------------------X

**OPINION & ORDER**
**CV-08-3183 (SJF)**

FEUERSTEIN, J.

On July 26, 2005, two (2) judgments of conviction were entered against petitioner Thomas B. Newman ("Petitioner") in the Supreme Court of the State of New York, Suffolk County (Doyle, J.), upon jury verdicts finding him guilty of two (2) counts of conspiracy in the sixth degree (N.Y. Penal Law §105.00), and the imposition of sentence. On August 5, 2008, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Attorney General of the State of New York ("Respondent") now moves to dismiss the petition. Petitioner has not opposed the motion. For the reasons set forth herein, respondent's motion is granted and the proceeding is dismissed.

I.    BACKGROUND

Petitioner was charged under two (2) separate indictments (Indictment Nos. 532-03 and 540-03) with conspiracy in the sixth degree, for conspiring to commit criminal possession of a controlled substance in the seventh degree with different individuals. Following a joint jury trial, petitioner was found guilty of two (2) counts of conspiracy in the sixth degree (N.Y. Penal Law

1

§105.00). On July 27, 2005, petitioner was sentenced to a determinate term of imprisonment of thirty (30) days, to be followed by a one (1) year period of probation.

Petitioner appealed his judgments of conviction to the Supreme Court of the State of New York Appellate Division, Second Department on the grounds, *inter alia*: (1) that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt; (2) that the jury verdicts were against the weight of the evidence; (3) that a wire-tap warrant was obtained in violation of his constitutional rights; (4) that the prosecution violated his right to a speedy trial; and (5) that the sentences imposed were excessive. By order dated February 13, 2007, the Appellate Division, *inter alia*, affirmed the judgments of conviction, finding: (1) that the evidence was legally sufficient to establish petitioner's guilt beyond a reasonable doubt; (2) that the verdicts of guilt were not against the weight of the evidence; (3) that the issuance of the wire-tap warrant was supported by probable cause; (4) that petitioner's right to a speedy trial was not violated; and (5) that petitioner's sentences were not excessive. People v. Newman, 37 A.D.3d 621, 829 N.Y.S.2d 670 (N.Y. App. Div. 2d Dep't 2007). By order dated May 7, 2007, the New York Court of Appeals denied petitioner's application for leave to appeal the order of the Appellate Division. People v. Newman, 8 N.Y.3d 988, 838 N.Y.S.2d 492, 869 N.E.2d 668 (2007).

On August 5, 2008, after petitioner had completed his jail sentence and his probation term had expired[1], petitioner filed this instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging: (1) that the evidence was legally insufficient to establish his guilt

---

[1] Petitioner was remanded into state custody on May 16, 2007 and was released on June 1, 2007. (Petition [Pet.], ¶¶ 2-3). In addition, petitioner admits that as of the time he filed his petition, he did not have any future sentence to serve, (Pet. ¶ 23), and he has not opposed this motion or otherwise disputed respondent's contention that he was not on probation at the time the petition was filed. (Affidavit of Thomas C. Costello, ¶¶ 2, 5).

beyond a reasonable doubt; (2) that the prosecution violated his constitutional right to a speedy trial; and (3) that the issuance of the wire-tap violated his constitutional rights. According to petitioner, his "primary objective" in filing the petition for a writ of habeas corpus is to "benefit * * * society" and he prepared the petition "to preserve justice for all citizens." (Pet. 15).

Respondent now moves to dismiss the petition as moot because petitioner was not "in custody" at the time he filed the petition. Petitioner has not opposed, or otherwise responded to, respondent's motion.

II. DISCUSSION

The pertinent statute, 28 U.S.C. § 2254(a), provides, in relevant part, that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." (Emphasis added). Thus, the threshold showing that a habeas petitioner must make is that he or she is "'in custody' under the conviction or sentence under attack at the time [the] petition is filed." Maleng v. Cook, 490 U.S. 488, 490-491, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); see also Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (holding that "[t]he first showing a § 2254 petitioner must make is that he is in custody pursuant to the judgment of a State court." (Internal quotations and citation omitted))

The "in custody" requirement of the habeas statute is "very liberally construed." Maleng, 532 U.S. at 492, 109 S.Ct. 1923. However, although the "in custody" requirement of the habeas statute does not require that the petitioner be physically confined before he may challenge his

sentence on habeas review, id. at 491, 109 S.Ct. 1923, if the sentence imposed for the challenged conviction has fully expired at the time the petition is filed, the petitioner is not "in custody" for the purposes of the habeas statute and, thus, a federal habeas court does not have subject-matter jurisdiction over the proceeding. Id. at 491-492, 494, 109 S.Ct. 1923 (refusing to extend the "in custody" requirement of federal habeas review to situations "where a habeas petitioner suffers no present restraint from a conviction.")

As petitioner was no longer "in custody" in connection with his conspiracy convictions at the time he filed his petition, respondent's motion to dismiss is granted and the petition is dismissed in its entirety with prejudice.

III.   CONCLUSION

Respondent's motion to dismiss is granted and the petition is dismissed in its entirety with prejudice. Since petitioner has failed to make a substantial showing of a denial of a constitutional right, see, e.g. Finkelstein v. Spitzer, 455 F.3d 131, 133 (2d Cir. 2006) (denying a certificate of appealability because petitioner was no longer in custody in connection with his challenged convictions at the time he filed his habeas corpus petition), a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d

4

107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See, 28 U.S.C. § 2253. The Clerk of the Court is directed to close this case.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2009
      Central Islip, New York

Copies to:

Thomas B. Newman, *pro se*
89 1st Avenue
Ronkonkoma, New York 11779

Suffolk County District Attorney's Office
Criminal Courts Building
200 Center Drive
Riverhead, New York 11901
Attn: Thomas C. Costello, A.D.A.